UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 2:12-cv-9366-SVW-MAN | | Date | May 1, 2013 |
| Title | Jennifer L. Saavedra, et al. v. Eli Lily and Co. | | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**          IN CHAMBERS ORDER Re

## I.      INTRODUCTION AND ALLEGATIONS

On January 10, 2013 Plaintiffs Jennifer Saavedra, Melissa Strafford, Carol Jacquez, and David Matthews, Jr. (collectively, "Plaintiffs") filed their corrected First Amended Complaint ("FAC") against Defendant Eli Lilly and Company ("Defendant").  (Dckt. 44.)  In their FAC, Plaintiffs asserted claims on behalf of themselves and all similarly situated individuals under the consumer protection laws of four different states (the "class claims"): California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ *et seq*., False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.; Massachusetts's Consumer Protection Act ("Ch. 93A"), Mass. Gen. Laws Ch. 93A, §§ 1, *et seq*.; Missouri's Merchandising Practices Act ("MPA"), Mo. Rev. Stat. §§ 407.010, *et seq*.; and New York's Consumer Protection from Deceptive Acts and Practices Law ("NYCPA"), N.Y. Gen. Bus. Law §§ 349, *et seq*.[1]  Plaintiff Saavedra also asserted five individual causes of action for breaches of express and implied warranty, unjust enrichment, strict products liability, and negligence, each arising under California law.  Plaintiffs requested monetary damages and declaratory and injunctive relief.

---

[1] Plaintiffs Saavedra and Jacquez are residents of California; Plaintiff Matthews, a resident of Missouri; and Plaintiff Strafford is currently a resident of New York, but was also a resident of Massachusetts during the time period relevant to this suit.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-9366-SVW-MAN | Date | May 1, 2013 |
|---|---|---|---|

| Title | Jennifer L. Saavedra, et al. v. Eli Lily and Co. |
|---|---|

Plaintiffs' allegations arise out of Defendant's alleged failure to warn them about the "frequency, duration, and severity" of withdrawal symptoms that they (and similarly situated individuals) experienced when they stopped using Defendant's product, the anti-depressant Cymbalta.  In their FAC, Plaintiffs allege that users who take Cymbalta face "severe physiological and psychological symptoms when the attempt to stop" taking it, including dizziness, nausea, headache, fatigue, paresthesia, vomiting, irritability, nightmares, insomnia, diarrhea, anxiety, hyperhidrosis, and vertigo (the Court refers to these symptoms as "Cymbalta withdrawal").  FAC ¶ 26.  Each prescription of Cymbalta includes a label that warns about Cymbalta withdrawal.  FAC ¶ 28.  The label informed the reader that "[f]ollowing abrupt or tapered discontinuation in placebo-controlled clinical trial, the following symptoms occurred at a rate greater than or equal to 1% *and at a significantly higher rate in duloxetine [i.e. Cymbalta]-treated patients compared to those discontinuing from placebo*: dizziness, headache, nausea, diarrhea, paresthensia, irritability, vomiting, insomnia, anxiety, hyperhidrosis, and fatigue."  FAC ¶ 28 (emphasis added).  The label further informed the reader that there have been reports of "adverse events" upon discontinuation of other anti-depressants, including irritability, dizziness, anxiety, headache, and others.  FAC ¶ 28.[2]

Plaintiffs allege that this label did not accurately inform consumers "and healthcare professionals" of the "frequency, severity, and/or duration of Cymbalta withdrawal."  FAC ¶ 27.  According to Plaintiffs, various studies dating back to at least 2005 have found that between 44 and 50 percent of all Cymbalta users experience Cymbalta withdrawal; and of those, approximately half experience "moderate" or "persistent" symptoms, and one in ten will experience "severe" symptoms.  FAC ¶¶ 30, 33.  Moreover, "nowhere on Cymbalta's label does it indicate the potential duration of withdrawal symptoms."  FAC ¶ 32.

## II.    PROCEDURAL HISTORY

On March 27, 2013, Defendant moved for summary judgment, arguing solely that the learned intermediary doctrine barred Plaintiffs from recovery on each of their claims.  The learned intermediary doctrine provides that a drug manufacturer has no duty to warn the ultimate consumer of potential side-effects of prescription medication, so long as adequate warnings are given to the prescribing physician.  See Motus v. Pfizer Inc. (Roerig Div.), 358 F.3d 659, 661 (9th Cir. 2004) ("[Defendant] is obligated to warn doctors, not patients, of potential side-effects associated with its pharmaceutical products[.]").

---

[2] This warning has undergone "minor variations" since Cymbalta's approval in 2004.  FAC ¶ 2.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-9366-SVW-MAN | Date | May 1, 2013 |
|----------|----------------------|------|-------------|

| Title | Jennifer L. Saavedra, et al. v. Eli Lily and Co. |
|-------|--------------------------------------------------|

      In response to Defendant's motion for summary judgment and pursuant to this Court's instruction at an earlier hearing, Plaintiffs made a motion for additional discovery they contend is necessary to oppose Defendant's motion for summary judgment.

### III.    DISCUSSION

#### A.    The Learned Intermediary Doctrine

      As noted above, Defendant made its motion solely on the grounds that the learned intermediary doctrine bars each of Plaintiffs' claims.  In ruling on Defendant's motion, the Court will need to decide 1) whether the learned intermediary doctrine applies to Plaintiffs' claims; and 2) if so, whether there is a genuine issue of material fact that would bar Defendant's motion of summary judgment.

      The first inquiry is a purely legal question for which no discovery is required.  As the Court noted in its Order denying Defendant's motion to dismiss, there is little case law on whether the learned intermediary doctrine is an affirmative defense to the consumer protection claims asserted by Plaintiffs.  However, determining whether the doctrine bars these claims is purely a matter of this Court interpreting the state laws of the relevant jurisdictions.  Answering this question requires no factual development.[3]

      As to the second inquiry, this Court's determination of the merits of Defendant's learned intermediary defense will require the resolution of two elements: first, whether Defendant provided adequate warnings to physicians about "any known or reasonably knowable side effects," and second, whether its failure to warn was the proximate cause of Plaintiffs' injuries.  See Motus v. Pfizer Inc., 196 F. Supp. 2d 984, 991 (C.D. Cal. 2001) aff'd sub nom. Motus v. Pfizer Inc. (Roerig Div.), 358 F.3d 659 (9th Cir. 2004).  While the Court recognizes that discovery will likely be required to resolve these two issues, it concludes that the best way forward is to first answer the legal question—i.e., whether the learned intermediary doctrine is an affirmative defense to the relevant consumer protection laws—and then consider what additional discovery may be required.

### IV.    CONCLUSION

      For the reasons put forward in this Order, the Court ORDERS Plaintiffs to file their opposition to Defendant's motion for summary judgment not later than May 13, 2013, addressing solely the question

---

    [3] Similarly, whether the relevant jurisdictions have adopted a "direct to consumer advertising" exception to the learned intermediary doctrine is a legal question that requires no discovery.

                                                              :

                             Initials of Preparer                  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-9366-SVW-MAN | Date | May 1, 2013 |
|---|---|---|---|

| Title | Jennifer L. Saavedra, et al. v. Eli Lily and Co. |
|---|---|

of whether the learned intermediary doctrine is an affirmative defense to Plaintiffs' consumer protection claims, and, if so, whether the relevant jurisdictions have adopted a "direct to consumer advertising" exception that might render the defense inapplicable.  Defendant is further ORDERED to file its reply not later than May 20, 2013; hearing on this matter will take place on June 17, 2013, at 1:30 p.m.

:

Initials of Preparer                    PMC