1  Lynn Lincoln Sarko, Esq., *admitted pro hac vice*
   lsarko@kellerrohrback.com
2  Michael D. Woerner, Esq., *admitted pro hac vice*
   mwoerner@kellerrohrback.com
3  Gretchen Freeman Cappio, Esq., *admitted pro hac vice*
   gcappio@kellerrohrback.com
4  Havila Unrein, Esq., *admitted pro hac vice*
   hunrein@kellerrohrback.com
5  **KELLER ROHRBACK L.L.P.**
   1201 Third Avenue, Suite 3200
6  Seattle, WA 98101
   Telephone: (206) 623-1900 / Fax: (206) 623-3384
7
   Juli E. Farris, Esq. (CA Bar No. 141716)
8  jfarris@kellerrohrback.com
   **KELLER ROHRBACK L.L.P.**
9  1129 State Street, Suite 8
   Santa Barbara, CA 93101
10 Tel: (805) 456-1496 / Fax: (805) 456-1497

11 Mark D. Samson, Esq., *admitted pro hac vice*
   msamson@kellerrohrback.com
12 **KELLER ROHRBACK P.L.C.**
   3101 N. Central Avenue, Suite 1400
13 Phoenix, AZ 85012
   Tel: (602) 248-0088 / Fax: (602) 248-2822
14

15 *Additional Counsel for Plaintiffs on following page*

16              UNITED STATES DISTRICT COURT
17              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. SAAVEDRA, DR. MELISSA STRAFFORD, CAROL JACQUEZ, and DAVID MATTHEWS, JR., on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>Defendant. | No. 2:12-cv-09366-SVW(MANx)<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF PLAINTIFF DR. MELISSA STRAFFORD IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>The Honorable Stephen V. Wilson |

1  Samuel S. Deskin, Esq.
   sam@deskinlawfirm.com
2  DESKIN LAW FIRM, PLC
3  16944 Ventura Blvd
   Encino, CA 91316
4  Tel.: (800) 709-8978 / Fax: (800) 709-8971

5
   Harris L. Pogust, Esq.
6  hpogust@pbmattorneys.com
7  T. Matthew Leckman, Esq.
   MLeckman@pbmattorneys.com
8  POGUST BRASLOW MILLROOD LLC
   161 Washington Street, Suite 1520
9  Conshohocken, PA 19428
10 Tel.: (800) 897-8930 / Fax: (610) 941-4245

11 *Additional Counsel for Plaintiffs*

I, Dr. Melissa Strafford, do hereby declare and state:

1. I have personal knowledge of the matters contained herein and, where I do not have direct knowledge, I believe them to be true and correct based upon the information available to me. I would testify, if called, to the matters set forth in this declaration.

2. I am 38 years old. I was born on June 14, 1975.

3. I currently reside in Yaphank, New York, and when I first began taking Cymbalta, I resided in Massachusetts.

4. I was prescribed Cymbalta by my physician to treat depression in 2010, and filled my first prescription on May 21, 2010, from my local Target Pharmacy in Massachusetts.

5. Between May 2010 and January 2011, I paid $330.00 out-of-pocket as co-payments with my insurance company for purchases of Cymbalta.

6. Prior to purchasing and ingesting Cymbalta, I was not aware of any potential withdrawal symptoms if I stopped taking the drug, and my impression was that there was no significant risk of withdrawal. This impression was formed from various commercials and advertisements I had seen about Cymbalta, and various internet pages discussing the drug.

7. Before I purchased Cymbalta, I was unaware that Eli Lilly, the manufacturer of Cymbalta, had determined through testing, and failed to disclose to consumers, that the true risk of discontinuation of Cymbalta was much higher than one or two percent.

8. Had I known about the true discontinuation risks associated with Cymbalta, it would have factored into my decision to purchase the drug and I would not have purchased Cymbalta, or I would have at least expected to pay less for it.

9. I understand that a class action is a lawsuit brought by individuals on a representative basis, on behalf of others similarly situated, to obtain equitable relief and/or damages for the benefit of the group as a whole.

10. I am serving as a class representative in this matter.

11. I understand that as a class representative I am not only representing my interests, but I am representing the interests of all persons who purchased Cymbalta for depression.

12. I am familiar with the status of the litigation and the allegations that I have made on behalf of myself and the proposed classes, all of whom are similarly situated to me in that they purchased Cymbalta.

13. I will not put my personal interests before the interests of the class members, and I have accepted the responsibilities associated with serving as a class representative.

14. I firmly believe that Defendant Lilly deprived other consumers and me of the right to make an informed decision about whether to subject ourselves to the risks of withdrawal from Cymbalta in light of its potential benefits.

15. As a class representative, I understand that I must consider the interests of the class just as I would consider my interests.

16. I am unaware of any conflicts that I have and/or may have with any other persons who may qualify as class members in this case.

17. As a class representative in this case, I have participated and will continue to actively participate in the lawsuit; will testify at trial if called upon; answer written interrogatories; and, keep generally aware of the status and progress of the lawsuit.

18. As a class representative, I recognize and accept that any resolution of this case, if certified as a class action lawsuit, such as by settlement or dismissal, is

1  subject to Court approval and must be designed to be in the best interests of the
2  class as a whole.
3       19.   As a class representative, I recognize that I am not required to be
4  particularly sophisticated or knowledgeable with respect to the legal framework of
5  the lawsuit. I am not a lawyer and have no legal training. However, I am
6  interested in the progress of the lawsuit, and have and will continue to provide my
7  lawyers and the Court with all relevant facts of which I am aware.
8       20.   As a class representative, I have volunteered to represent other people
9  with similar claims and damages, because I believe that it is important that all
10 benefit from the lawsuit and because I believe that a class lawsuit will save time,
11 money, and effort, and thus will benefit all parties, and the Court.
12 I declare under penalty of perjury that the foregoing is true and correct to the best
13 of my knowledge.
14       EXECUTED this 15 day of August, 2013 at Yaphank, NY.

_Melissa Strafford_
Dr. Melissa Strafford