# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:12-cv-9366-SVW-MAN | Date | November 5, 2013 |
|---|---|---|---|
| Title | Jennifer L. Saavedra, et al. v. Eli Lilly and Co. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER re Further Proceedings on Plaintiff's Motion for Summary Judgment

    Plaintiffs' motions for class certification under Federal Rules of Civil Procedure 23(b)(3) and 23(c)(4) are pending before the Court. A central question presented by plaintiff's Rule 23(b)(3) motion is whether plaintiffs will be able to "demonstrate that the class members have suffered the same injury." *Wal–Mart Stores v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation and internal quotation marks omitted). Plaintiffs contend that the members of their four proposed state-based classes all experienced economic harm as a result of Lilly's alleged misrepresentations regarding Cymbalta's withdrawal risks. Plaintiffs propose to employ conjoint analysis to quantify that economic harm on a class-wide basis, and they argue that therefore common questions about liability will predominate over individual ones.

    The Court has previously considered the application of the learned intermediary doctrine to this case. (Dkt 72: Order.) The Court's analysis focused on the application of that doctrine to the question of whether defendant's statements about the risks of withdrawal from Cymbalta provided adequate warning to prescribing physicians. (*See id.* at 6.) It does not necessarily follow that the doctrine is relevant to the question of whether the plaintiffs experienced economic harm as a result of the defendant's conduct, applying the causation standards of Missouri's MPA, New York's CPA, Massachusetts's Chapter 93A, or California's CLRA/FAL/UCL.

    Having considered the parties' discussion of these issues in their briefs and at the hearings on this matter, the Court concludes that it will benefit from further briefing on (1) the distinction between price and value in connection with conjoint analysis; (2) the relationship, if any, between the learned intermediary doctrine and conjoint analysis; (3) the feasibility of using conjoint analysis to prove liability on a class-wide basis; and (4) whether conjoint analysis would lead to a uniform method of

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-9366-SVW-MAN | Date | November 5, 2013 |
|---|---|---|---|
| Title | Jennifer L. Saavedra, et al. v. Eli Lilly and Co. | | |

measuring damages. Accordingly, the parties shall promptly meet and confer and attempt to reach agreement over exchanging information necessary to brief these issues efficiently. As discussed at the hearing on the motion, defendant may take the deposition of plaintiff's expert Dr. Joel W. Hay.

No later than January 7, 2014, defendant shall file a supplemental brief addressing the four subjects identified above. Plaintiff shall file a supplemental response no later than 21 days after defendant's brief if filed. The motion will then stand submitted. As with the prior round of briefing, the parties should assume that plaintiffs will prevail on their contention that defendant's representations regarding Cymbalta's withdrawal risks were misleading as alleged in the Complaint.

The supplemental briefs required by this order shall not exceed 30 pages in length, excluding indices and exhibits. *Cf.* Local Rule 11-6.

:

Initials of Preparer     PMC