1  Lynn Lincoln Sarko, Esq., *admitted pro hac vice*
   lsarko@kellerrohrback.com
2  Michael D. Woerner, Esq., *admitted pro hac vice*
   mwoerner@kellerrohrback.com
3  Gretchen Freeman Cappio, Esq., *admitted pro hac vice*
   gcappio@kellerrohrback.com
4  Havila Unrein, Esq., *admitted pro hac vice*
   hunrein@kellerrohrback.com
5  **KELLER ROHRBACK L.L.P.**
   1201 Third Avenue, Suite 3200
6  Seattle, WA 98101
   Telephone: (206) 623-1900 / Fax: (206) 623-3384
7
   Juli E. Farris, Esq. (CA Bar No. 141716)
8  jfarris@kellerrohrback.com
   **KELLER ROHRBACK L.L.P.**
9  1129 State Street, Suite 8
   Santa Barbara, CA 93101
10 Tel: (805) 456-1496 / Fax: (805) 456-1497

11 Mark D. Samson, Esq., *admitted pro hac vice*
   msamson@kellerrohrback.com
12 **KELLER ROHRBACK P.L.C.**
   3101 N. Central Avenue, Suite 1400
13 Phoenix, AZ 85012
   Tel: (602) 248-0088 / Fax: (602) 248-2822
14
   ***Additional Counsel for Plaintiffs on following page***
15
                   **UNITED STATES DISTRICT COURT**
16
                   **CENTRAL DISTRICT OF CALIFORNIA**
17

18 | JENNIFER L. SAAVEDRA, DR. MELISSA STRAFFORD, CAROL JACQUEZ, and DAVID MATTHEWS, JR., on behalf of themselves and all other persons similarly situated, | No. 2:12-cv-09366-SVW(MANx)

19 |  |  | CLASS ACTION

20 |  | Plaintiffs, | **DECLARATION OF R. BRENT WISNER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL NARROW DISCOVERY RE: <u>CONJOINT ANALYSIS</u> PURSUANT TO THE COURT'S INSTRUCTION**

21 | vs.

22

23 | ELI LILLY AND COMPANY, an Indiana corporation,

24 | Defendant. | Date:  February 3, 2014
                   Time:  1:30 p.m.
25 |               | Location:  Courtroom 6
                   Judge:  Hon. Stephen V. Wilson
26
27
28

Michael L. Baum  (SBN: 119511)
mbaum@baumhedlundlaw.com
Bijan Esfandiari (SBN: 223216)
besfandiari@baumhedlundlaw.com
R. Brent Wisner (SBN: 276023)
rbwisner@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233  /  Fax: (310) 820-7444

Samuel S. Deskin, Esq.
sam@deskinlawfirm.com
DESKIN LAW FIRM, PLC
16944 Ventura Blvd
Encino, CA 91316
Tel.:  (800) 709-8978 / Fax: (800) 709-8971

Harris L. Pogust, Esq.
hpogust@pbmattorneys.com
T. Matthew Leckman, Esq.
MLeckman@pbmattorneys.com
POGUST BRASLOW MILLROOD LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Tel.:  (800) 897-8930 / Fax:  (610) 941-4245

***Additional Counsel for Plaintiffs***

**DECLARATION OF R. BRENT WISNER IN SUPPORT OF PLAINTIFFS'**
**MOTION TO COMPEL DISCOVERY RE: CONJOINT ANALYSIS**
**PURSUANT TO THE COURT'S NOVEMBER 4, 2013 INSTRUCTION**

I, R. Brent Wisner, do hereby declare and state:

1.      I am an attorney licensed to practice in the State of California and I am admitted to practice before this Court.  I am an associate with the law firm of Baum Hedlund Aristei & Goldman, P.C., and counsel of record for Plaintiffs Jennifer L. Saavedra, Dr. Melissa Strafford, Carol Jacquez, and David Matthews, Jr. in the above-referenced action.  I make this declaration based on my personal knowledge and, if called as a witness, I could and would testify competently to these matters.

2.      Attached hereto as Exhibit "A" is a true and correct copy of the Transcripts of Proceedings on November 4, 2013, Dkt. 103.

3.      Attached hereto as Exhibit "B" is a true and correct copy of PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LILLY PURSUANT TO THE COURT'S NOVEMBER 5, 2013 ORDER, served on Defendant Eli Lilly and Co. ("Lilly") on November 11, 2013.

4.      Attached hereto as Exhibit "C" is a true and correct copy of PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT LILLY PURSUANT TO THE COURT'S NOVEMBER 5, 2013 ORDER, served on Lilly on November 11, 2013.

5.      Attached hereto as Exhibit "D" is a true and correct copy of a series of email exchanges between Plaintiffs' and Lilly's counsel, ("First Email Exchanges") dated between November 6, 2013 and November 25, 2013.

6.      Attached hereto as Exhibit "E" is a true and correct copy of a series of email exchanges between Plaintiffs' and Lilly's counsel, ("Second Email Exchanges") dated between December 13, 2013 and December 18, 2013.

1

7.      Attached hereto as Exhibit "F" is a true and correct copy of selections of the unofficial transcripts from the Videotaped Deposition of Joel W. Hay, PhD, which occurred on December 17, 2013 in the offices of Baum, Hedlund, Aristei & Goldman, P.C., 12100 Wilshire Blvd., Ste. 950, Los Angeles, CA 90025.

8.      Attached hereto as Exhibit "G" is a true and correct copy of a series of email exchanges between Plaintiffs' and Lilly's counsel, ("Third Email Exchanges") dated between December 18, 2013 and December 23, 2013.

9.      Attached hereto as Exhibit "H" is a true and correct copy of Thomas M. Zimmerman et al, *Patient Preferences for Outcomes of Depression Treatment in Germany:  A Choice-Based Conjoint Analysis Study*, 148 J. Affective Disorders 2, 210-19 (2013), produced by Lilly on December 13, 2013.

10.      Attached hereto as Exhibit "I" is a true and correct copy of H.L. Gelhorn et al, *Preferences for Medication Attributes Among Patients with Type 2 Diabetes Mellitus in the UK,* 15 DIABETES, OBESITY AND METABOLISM 9, 802-09 (2013), produced by Lilly on December 13, 2013.

11.      Attached hereto as Exhibit "J" is a true and correct copy of A. Brett Bauber et al, *Estimating Importance Weights for the IWQOL-Lite Using Conjoint Analysis*, 19 QUALITY OF LIFE RESEARCH 5, 701-09 (2010), produced by Lilly on December 13, 2013.

12.      Attached hereto as Exhibit "K" is a true and correct copy of Michael Aristides et al, *Patient Preferences and Willingness-to-Pay for Humalog Mix25 Relative to Humulin 30/70:  A Multicountry Application of a Discrete Choice Experiment*, 7 VALUE IN HEALTH 4, 442-54 (2004).

13.      Attached hereto as Exhibit "L" is a true and correct copy of Elie Ofek and Ron Laufer, *Eli Lilly: Developing Cymbalta*, Harv. Bus. Rev., Nov. 2006, 1-28.

14.      Exhibit "M" is a true and correct copy of PowerPoint Presentation produced through discovery by Lilly on December 13, 2013.  The document,

2

itself, has been submitted under seal in a separate application pursuant to Local Civil Rule 79-5.

15.     In response to the Court's November 5, 2013 Order, the parties agreed to meet on November 12, 2013 to discuss.  (*See* Exh. D at 4.)

16.     On November 11, 2013, the day before the parties met by telephone, Plaintiffs served PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LILLY PURSUANT TO THE COURT'S NOVEMBER 5, 2013 ORDER (Exh. B) and PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT LILLY PURSUANT TO THE COURT'S NOVEMBER 5, 2013 ORDER (Exh. C).

17.     During the meet-and-confer on November 12, 2013, counsel for the Plaintiffs and Lilly discussed Plaintiffs' recently-served discovery requests, as well as, began discussing when Lilly would be able to depose Plaintiffs' conjoint analysis expert, Dr. Joel Hay.  Plaintiffs' counsel requested that Lilly produce the requested documents before Dr. Hay's deposition so Dr. Hay could review the records before his testimony.  Lilly's counsel stated that it was in the process of searching for responsive documents and would try, although did not guarantee, to produce documents before Dr. Hay's deposition.  We also discussed preliminary dates for setting Dr. Hay's deposition, and I indicated that sometime in late or mid-December would be best.

18.     Between November 12, 2013 and December 17, 2013, a series of emails were exchanged between counsel, attached to this declaration as Exhibits D, and E.

19.     On December 13, 2013, I received (along with co-counsel) an email from Lilly's counsel that contained five documents.  These documents included: Three copies of publically available journal articles involving Lilly-funded conjoint analysis studies (Exhs. H, I, and J); one publically available journal abstract about another Lilly-funded conjoint analysis involving a type 2 diabetes

3

medications; and one PowerPoint Presentation reflecting, in part, Lilly's use of conjoint analysis in drug development (Exh. M).

20.    On December 17, 2013, immediately after Dr. Hay's deposition, counsel for Plaintiffs and Lilly spoke face-to-face about Lilly's refusal to provide discovery.  Although no agreement could be reached, the parties agreed to discuss the matter further.

21.    The next day, on December 18, 2013, counsel for I spoke with Lilly's counsel about possible ways to resolve the discovery dispute absent Court intervention.  After discussing the issues for some time, Lilly's counsel asked that Plaintiffs put their final offer in writing so that Lilly could evaluate it.

22.    That same day I sent an email to Lilly reflecting Plaintiffs' final offer of compromise.  (Exh. G.)

23.    Shortly thereafter, I received an email from Lilly's counsel with a counter-offer.  (*Id.*)

24.    Following up on the counter-offer, I again spoke with Lilly's counsel on December 20, 2013, immediately after a previously scheduled meet-and-confer regarding a protective order governing discovery matters.  During the conversation, I explored other possible compromises to resolve the discovery dispute.  I was not able to make any firm offers, but I stated that I would speak with my co-counsel and see if we could find some middle ground.

25.    Despite our best efforts, however, no compromise could be found. On December 23, 2013, I sent an email to Lilly's counsel stating that we could not accept Lilly's counter-offer and that Plaintiffs would be moving to compel based on the Court's instruction on November 4, 2013.  (Exh. G at 1.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

///

///

4

1 | DATED:  January 2, 2014

2

3 |                          Respectfully submitted,

4 |                          **BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**

5 |                          By:   \s\ R. Brent Wisner

6 |                          R. Brent Wisner (SBN: 276023)
7 |                          rbwisner@baumhedlundlaw.com
   |                          **BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**
8 |                          12100 Wilshire Blvd., Suite 950
   |                          Los Angeles, CA 90025
9 |                          Tel: (310) 207-3233  /  Fax: (310) 820-7444

10 |                         *Counsel for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Afsoun Gabbai, hereby certify that, on January 2, 2014, I electronically filed **Declaration of R. Brent Wisner In Support of PLAINTIFFS' MOTION TO COMPEL NARROW DISCOVERY RE: CONJOINT ANALYSIS PURSUANT TO THE COURT'S INSTRUCTION** for Plaintiffs, with the Clerk for the United States District Court for the Central District of California using the CM/ECF system, which shall send electronic notification to counsel of record and via Electronic Mail to the following:

Clara J. Shin (CA Bar No. 214809)
cshin@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Tel: (415) 591-7058
Fax: (415) 955-6558

Phyllis A. Jones
pajones@cov.com
Mark H. Lynch
mlynch@cov.com
Colleen Kelly
ckelly@cov.com
Michael X. Imbroscio
mimbroscio@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Tel: 202-662-5868
Fax: 202-778-5868

*Attorneys for Defendant Eli Lilly and Company*

\s\ _Afsoun Gabbai_____
__Afsoun Gabbai, Legal Assistant

2