# EXHIBIT E

Exhibit E - 000047

**Wisner, R. Brent**

| | |
|---|---|
| From: | Jones, Phyllis [pajones@cov.com] |
| Sent: | Wednesday, December 18, 2013 5:18 AM |
| To: | Wisner, R. Brent |
| Cc: | Lynch, Mark |
| Subject: | Re: Saavedra v. Eli Lilly & Co., 12-CV-9366 (C.D. Cal.) |

Brent -

I understand that you and Mark spoke about this yesterday.  Mark is traveling for much of the day today, but please feel free to give me a call when convenient and we can discuss further.

Thanks,
Phyllis

On Dec 16, 2013, at 10:32 PM, "Wisner, R. Brent" <rbwisner@baumhedlundlaw.com<mailto:rbwisner@baumhedlundlaw.com>> wrote:

Phyllis,

At this point, I believe we have already met and conferred on the matter.  We specifically met and conferred after we served Plaintiff's discovery on Lilly and discussed Plaintiff's requests with Mr. Lynch.  He told us that he was not sure requests he would respond to, but that documents would be forthcoming.  We pressed him on the issue, asking whether the production would be responsive to our requests.  He evaded and asked that Plaintiff's have faith in his representations.  We patiently waited.  Then, late Friday evening you serve a production of four publically available journal publications and a single PowerPoint presentation.  You do not state that this is the entire universe of documents related to Lilly's use of conjoint analysis.  Instead, you represent that they are examples you have deigned appropriate "to address Plaintiffs' inquiries."  I have to assume, based on this very limited production, that there was never a conjoint analysis preformed on Cymbalta or the attribute of antidepressant withdrawal—withholding such documents would clearly be sanction-worthy at this point—but without some context or explanation of these five documents, your production amounts to almost nothing tangible.  Dismayed with Lilly's response (or lack thereof), we expressed disappointment and asked for you to respond to Plaintiff's request—one way or the other—so Plaintiffs could begin the process of seeing what we would need to compel.  You refused to provide any response and, instead of offering some form of compromise, you have doubled-down on your position.  This appears to be an impasse.  Indeed, you flatly stated that "Lilly will not be serving responses to those requests absent further direction from the Court."  So, to the Court we go.

Moreover, we do not have time to delay this any further.  We cannot wait another week to get this issue before the Court.  Your invitation for Plaintiff to justify her requests and explain their relevance is a non-starter.  We cannot even begin that discussion without some response from Lilly, either responding or objecting to the requests.  Those responses were due last week.  Moreover, even a cursory reading of Plaintiff's ten requests for production and single interrogatory show that these requests are narrowly tailored to the issues raised by the Court.  Your characterization of them as "far afield" of the issues of class certification and the issues raised in the Nov. 5 Order is completely unfounded and I think the Court will agree.

I do not mean to be intractable. Time, however, is of the essence. Any goodwill we had in believing your representations about what you are willing to produce is quickly eroding.  If you were willing to make a supplemental production, for example, we would be hard-pressed to believe that any such production would be sufficient.  This is particularly true since we are

1

running out of time to bring a motion that would yield further production before our responsive brief is due.  That said, I am willing to discuss this issue tomorrow after Dr. Hay's deposition or by phone on Wednesday.  If I do not hear from you, I will assume that we are out of options and will begin the process of moving to compel.

Brent


From: Jones, Phyllis [mailto:pajones@cov.com]
Sent: Monday, December 16, 2013 12:32 PM
To: Wisner, R. Brent
Cc: Lynch, Mark; Imbroscio, Michael; Kelly, Colleen; Alison Gaffney; Baum, Michael; mwoerner@kellerrohrback.com<mailto:mwoerner@kellerrohrback.com>; Gretchen Freeman Cappio
Subject: RE: Saavedra v. Eli Lilly & Co., 12-CV-9366 (C.D. Cal.)

Brent,

Your suggestion that Lilly has operated in bad faith is unfounded.  Since receiving your wide-ranging requests, we have been making inquiries with our client to determine if there are any documents responsive to those requests that are relevant to the four issues identified in the Court's November 5 Order.  We undertook these efforts not because the Court has authorized plaintiffs to serve discovery -- indeed, it has not.  Rather, we engaged in this inquiry consistent with the Court's direction that the parties should confer about the exchange of information "necessary to brief [the issues in its Order] efficiently."  This guidance plainly envisions that the parties would discuss a limited exchange of information relevant to the issues to be briefed, not that the Court's Order would be used as a lever to engage in discovery far afield of the issues relevant to plaintiffs' motion for class certification and the specific questions raised in the Court's November 5 Order.  We have nevertheless provided plaintiffs with exemplar documents to address plaintiffs' inquiries concerning Lilly's use of conjoint analysis.  Given this, we would invite plaintiffs to explain how the documents sought in your November 11 requests relate to the issues outlined in the Court's November 5 Order or how they serve to satisfy plaintiffs' burden to establish their entitlement to class certification.  If you can articulate what it is about Lilly's use of conjoint analysis that you want to establish for purposes of the court-ordered briefing, we may be able to stipulate to such points without the need to engage in the wide-ranging and burdensome document production you are seeking.  We are prepared to meet and confer, as the Court directed, to explore measures to efficiently brief the issues identified by the Court.

Best,
Phyllis
Phyllis A. Jones | COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW  Washington, D.C. 20004
Tel: (202) 662-5868  |  Fax: (202) 778-5868
pajones@cov.com<mailto:pajones@cov.com>   |   www.cov.com<http://www.cov.com>
This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

From: Wisner, R. Brent [mailto:rbwisner@baumhedlundlaw.com]
Sent: Monday, December 16, 2013 10:27 AM
To: Jones, Phyllis
Cc: Lynch, Mark; Imbroscio, Michael; Kelly, Colleen; Alison Gaffney; Baum, Michael; mwoerner@kellerrohrback.com<mailto:mwoerner@kellerrohrback.com>; Gretchen Freeman Cappio
Subject: RE: Saavedra v. Eli Lilly & Co., 12-CV-9366 (C.D. Cal.)

Phyllis,

I appreciate your attempt to provide context to these discussions. Thankfully, I have access to all the documents and transcripts in this case and I am fully apprised of the status of the litigation and briefing. I, unlike you, attended the hearing on November 4, 2013, so I am aware of what the Court stated regarding Plaintiff's ability to conduct discovery on conjoint analysis.

A few points of clarification. First, the Court never stated that Plaintiff would not be allowed to engage in any discovery. Your citations to Court's May 1 Order and transcripts do not indicate anything different. In fact, the most recent transcripts from the hearing on November 4 make it clear that the Court agreed to allow discovery related to Lilly's use of conjoint analysis and instructed us to "[m]eet and confer and if you can't reach a resolution, you can put that matter on the court's calendar on shortened notice." That meet and confer occurred on November 12, 2013 and we were under the impression that Lilly would be responding to our discovery requests or, at least, some of them. We have not filed the motion that was invited by the Court based on Mr. Lynch's representations that Lilly would be producing information.

That leads to the second point. The notion that Lilly has been forthright about not planning on responding to any of Plaintiff's requests, despite repeated inquiries from the Plaintiffs about this very issue, is nonsense. Mr. Lynch suggested both during the meet and confer on November 12 and through various email exchanges that Lilly was going to make good-faith disclosures related to Plaintiff's discovery requests. Indeed, when we pressed this issue, so as to avoid this very issue of running out of time, Mr. Lynch admonished us about being concerned, stating that "[w]e will all be better off if you put some faith in our good faith representations and refrain from saber-rattling about going to the Court." We, sheathed our "sabers" and moved forward based on his request. Our mistake.

As it stands, your position to Plaintiff's discovery requests is that "Lilly will not be serving responses to those requests absent further direction from the Court." While we would have appreciated that information from the beginning, or any time during the last month, I do not see what a further meet and confer would accomplish. There has been plenty of meet and confer already. We served Plaintiff's discovery requests before the meet and confer on November 12 and have been corresponding with Lilly's counsel since. While there were suggestions and statements of good-faith bandied about, it has become clear that Lilly never intended to respond to any of Plaintiff's requests. Unless you are willing to indicate which requests Lilly will respond to and by which exact date, there is clearly an impasse. As such, we will move to compel and will do so on the shorten notice.

Best,

Brent

From: Jones, Phyllis [mailto:pajones@cov.com]
Sent: Sunday, December 15, 2013 3:13 PM
To: Wisner, R. Brent
Cc: Lynch, Mark; Imbroscio, Michael; Kelly, Colleen; Alison Gaffney; Baum, Michael; mwoerner@kellerrohrback.com<mailto:mwoerner@kellerrohrback.com>; Gretchen Freeman Cappio
Subject: RE: Saavedra v. Eli Lilly & Co., 12-CV-9366 (C.D. Cal.)

Brent,

Because you have recently entered your appearance in this case, allow me to provide you with some limited context.

Until its November 5 Order, the Court had declined to permit discovery pending its resolution of certain threshold issues. (See Feb. 25, 2013 Tr. 6:16-7:9; May 1, 2013 Order, at 3.) The

Court's November 5 Order allowed the deposition of Dr. Hay, but did not otherwise permit the parties to engage in discovery.  Plaintiffs' November 11 written discovery requests are, thus, unauthorized, and Lilly will not be serving responses to those requests absent further direction from the Court.

The Court's Order directs the parties to "attempt to reach agreement over exchanging information necessary to brief [the issues raised in its November 5 Order] efficiently." Lilly does not concede that the documents contained in its December 13 production, or any materials called for by plaintiffs' November 11 requests, are relevant to the issues described in the Court's November 5 Order.  Indeed, Lilly expressly maintains that they are not.  However, in a good faith effort to address plaintiffs' stated interest in its use of conjoint analysis, Lilly has made available documents that are responsive to the question of how Lilly utilizes conjoint analysis.

As to the timing of our production, my colleague Mark Lynch explained in earlier correspondence on this subject that the exchange of information envisioned by the Court's November 5 Order was for the purpose of briefing the issues identified by the Court, not for the deposition of Dr. Hay.  For that reason, Lilly was under no obligation to provide documents in advance of Dr. Hay's deposition.  We have nevertheless done so as an accommodation to plaintiffs.  Should plaintiffs' counsel and Dr. Hay wish to review the documents in advance of his deposition, the volume is not prohibitive.

If you wish to discuss the scope or content of Lilly's production of information necessary to efficiently brief the issues identified in the Court's November 5 order, we are prepared to meet and confer on that topic.  We would suggest that the parties do so in connection with the presently scheduled meet-and-confer call set for Friday, December 20, at 2 p.m. Pacific/5 p.m. EDT.

Best,
Phyllis


From: Wisner, R. Brent [mailto:rbwisner@baumhedlundlaw.com]
Sent: Saturday, December 14, 2013 7:02 PM
To: Jones, Phyllis; mwoerner@kellerrohrback.com<mailto:mwoerner@kellerrohrback.com>; Gretchen Freeman Cappio
Cc: Lynch, Mark; Imbroscio, Michael; Kelly, Colleen; Alison Gaffney; Baum, Michael
Subject: RE: Saavedra v. Eli Lilly & Co., 12-CV-9366 (C.D. Cal.)

Defense Counsel,

Thank for producing these five documents.  Can you please serve us with formal responses to our discovery requests?  I believe they are delinquent at this point.  As it stands, this very limited production does not indicate whether these documents are responsive to which (if any) discovery requests.

I am obviously disappointed by this production and your failure to respond to most (if any) of our document requests.  Your production consists of five documents, four of which are publically available journal publications and one PowerPoint Presentation.  You state that these are some "examples of Lilly's use of conjoint analysis" but have not given Plaintiffs any context about what that means.  Not only do Plaintiffs not know which documents are responsive to which requests, but you have not indicated which requests for production you refuse to respond to (not to mention the fact that you have not responded to Plaintiff's single interrogatory).

The timing of this production is also very troubling.  Mr. Lynch represented he was busy searching for responsive documents and that he would try his best to finish the search in

anticipation of Dr. Hay's deposition.  Indeed, I specifically stated "if you could let us know which requests you plan to respond to, and which you do not, that would greatly help us evaluate the situation before the eleventh hour."  Mr. Lynch, however, never responded to my request, but kept telling us he would update us "next week."  No update came.  Then, late on Friday evening, one Court day before Dr. Hay's deposition, you produce these five documents without any formal discovery response.  What makes this so troubling, however, is that Mr. Lynch clearly understood the ramifications of making such a last-minute production, when he explained that "[i]f it turns out that you are dissatisfied with our response to your requests for documents in advance of that date, it will be up to you to file a motion for a protective order and convince the Judge of your position that the deposition is contingent on the production of documents."  Based on the dearth of documents produced, I have little doubt you could have provided these documents weeks ago, giving us some time to seek Court intervention.  Waiting until the eleventh hour, especially when I expressly asked you not to, is an affront to the purpose of the discovery rules and Judge Wilson's clear indication that we would both be given the opportunity to conduct discovery.  It also, unfortunately, undermines a spirit of cooperation—something that is vital to a working relationship.   I hope you take quick action to remedy this.

Please serve Plaintiffs with a formal discovery response to "PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LILLY PURSUANT TO COURT'S NOVEMBER 5, 2013 ORDER" and "PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT LILLY PURSUANT TO COURT'S NOVEMBER 5, 2013 ORDER" which were served via email on November 11, 2013.  I have attached the requests for your convenience.  Please provide your response by Monday, December 16, 2013.

Once we get a response, we will be able to schedule a proper meet-and-confer to see if we will need to bring this situation to the Court's attention on an expedited basis.

Sincerely,

Brent


From: Jones, Phyllis [mailto:pajones@cov.com]
Sent: Friday, December 13, 2013 5:38 PM
To: Wisner, R. Brent; Michael Woerner (mwoerner@kellerrohrback.com<mailto:mwoerner@kellerrohrback.com>); Gretchen Freeman Cappio
Cc: Lynch, Mark; Imbroscio, Michael; Kelly, Colleen
Subject: Saavedra v. Eli Lilly & Co., 12-CV-9366 (C.D. Cal.)

Counsel,

Attached please find Lilly's production in the above-referenced matter.

These documents are being produced pursuant to the Court's direction that the parties "attempt to reach agreement over exchanging information necessary to brief [the] issues [identified in the Court's order of November 5, 2013.]"  Although we do not concede that the attached documents are necessary to brief those issues, they are being produced as an accommodation to provide you with examples of Lilly's use of conjoint analysis.  In producing these documents, Lilly in no way waives -- and expressly preserves -- its objections to the expansive document requests and interrogatories that you sent to us on November 11, 2013.  Nor does Lilly waive its position that its use of conjoint analysis -- for purposes entirely different from the purposes for which Dr. Hay proposes to use conjoint analysis in support of your motion for class certification -- is not in any way relevant to the issues the Court has directed the parties to brief or otherwise raised by plaintiffs' motion for class certification.  Lilly reserves any and all applicable objections to the admissibility of these documents into evidence.

These documents are being produced pursuant to the parties' agreement by email dated December 11, 2013 and December 12, 2013 that, pending execution of an agreed-upon confidentiality order, any documents designated "Confidential" will be treated as such and that, absent Lilly's prior consent, may be reviewed only by counsel of record in the Saavedra matter and Dr. Joel Hay.
Best,
Phyllis
Phyllis A. Jones | COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW  Washington, D.C. 20004
Tel: (202) 662-5868  |  Fax: (202) 778-5868
pajones@cov.com<mailto:pajones@cov.com>    |   www.cov.com<http://www.cov.com>
This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.