# EXHIBIT G

Exhibit G - 000069

**Wisner, R. Brent**

---

**From:** Wisner, R. Brent
**Sent:** Monday, December 23, 2013 9:10 PM
**To:** 'Jones, Phyllis'
**Cc:** Lynch, Mark; Baum, Michael; Mike Woerner; Alison Gaffney; Gretchen Freeman Cappio; Kelly, Colleen
**Subject:** RE: Final offer for outstanding discovery

Phyllis,

I sincerely appreciate Lilly's willingness to provide *some* discovery in light of our pending requests and the approaching deadlines. I believe your efforts have been in good faith and I appreciate your willingness to discuss these issues once again on Friday evening. As it stands, however, your counter-proposal is simply insufficient. As expressed throughout Dr. Hay's deposition, it is clear that Lilly will be challenging the use of conjoint analysis to calculate damages for the putative classes. Accordingly, Lilly's use of conjoint analysis is clearly relevant to the issues the Court has asked us to brief. We attempted to narrow the scope of our requests to address this issue in our final offer. Your counter-proposal, however, is simply too circumscribed and fails to capture the relevant information that Plaintiffs need (and are entitled) to have to oppose Lilly's supplemental brief. The Court clearly asked if Lilly has hoisted itself on its own petard. We are entitled to explore whether that is, indeed, true.

Having considered the matter at length, we believe that the items contained in our final offer are, in fact, our final offer. We tried to conceive of how we could narrow them further, but could not do so without prejudicing our ability to effectively represent the class. Accordingly, we will be moving to compel those items listed below in Plaintiffs' final offer and will do so in accord with the Court's instruction on November 1, 2013. I understand that we are in the middle of the holidays, but we will try to get something on file as soon as possible.

I am also finalizing the proposed protective order on our end. I hope to get that to you early next week.

Best,

R. Brent Wisner

---

**From:** Jones, Phyllis [mailto:pajones@cov.com]
**Sent:** Thursday, December 19, 2013 5:09 PM
**To:** Wisner, R. Brent
**Cc:** Lynch, Mark; Baum, Michael; Mike Woerner; Alison Gaffney; Gretchen Freeman Cappio; Kelly, Colleen
**Subject:** RE: Final offer for outstanding discovery

Brent,

We have consulted with our client and can offer the following in response to your proposal below. Due to the company being closed from December 25 through January 1 and key individuals being gone already for the holidays, we will need to confirm the precise timing of the production of any documents described below,

1

Exhibit G - 000070

though we would obviously move as promptly as is feasible.  For that reason, if plaintiffs are agreeable to this proposal, we would suggest that the parties submit a joint stipulation to the Court seeking an extension in the existing briefing schedule.

- Lilly will produce final versions of any conjoint analyses performed by Lilly for Cymbalta, pre-launch and through the balance of the life cycle of the product, that are within Lilly's custody, possession, or control and identifiable through a targeted, reasonably diligent search of its files.

- In connection with Plaintiffs' REQUEST FOR PRODUCTION NO. 3, Lilly will produce the final results of any survey conducted to determine whether the information contained on the Cymbalta Package Insert with respect to discontinuation emergent adverse effects influences purchasing and/or prescribing decisions, and/or overall sales that are within Lilly's custody, possession, or control and identifiable through a targeted, reasonably diligent search of its files.

- In connection with Plaintiffs' REQUEST FOR PRODUCTION NO. 5, to the extent not otherwise produced, Lilly will produce the final version of any conjoint study referenced at pp. 12, 24, and/or 25 of the Harvard Business School case study, "Eli Lilly: Developing Cymbalta" that is within Lilly's custody, possession, or control and identifiable through a targeted, reasonably diligent search of its files.

- In connection with Plaintiffs' REQUEST FOR PRODUCTION NO. 6, Lilly will produce the PowerPoint presentation entitled "No Pain, No Gain" referenced in the Harvard Business School case study, "Eli Lilly: Developing Cymbalta" to the extent that said document is within Lilly's custody, possession, or control and is identifiable through a targeted, reasonably diligent search of its files

- Lilly will agree to produce for deposition any expert witness that it puts forward in connection with its supplemental briefing.  We are not presently in a position to guarantee the feasibility of completing that deposition within a week of Lilly's submission, but would agree to work with plaintiffs to identify a mutually-acceptable date.

Although we believe that Lilly's production to date sufficiently addresses plaintiffs' inquiries concerning Lilly's use of conjoint analysis, we are proposing this accommodation to avoid needless motions practice on these issues.  In offering this compromise position, Lilly does not concede plaintiffs' entitlement to propound written discovery in connection with the briefing directed by the Court's November 5 Order or, for that matter, that the undated, unsigned documents emailed by Mr. Woerner on November 11 constitute properly-served discovery requests.  Nor does Lilly waive any objections it may have to the admissibility of the materials described on any applicable grounds, including on the basis of relevance, or its position that none of the documents sought by plaintiffs bear on the issues identified in the Court's November 5 Order.  Rather, Lilly makes this proposal so that the parties may focus their attention fully on briefing the specific issues identified in the Court's November 5 Order.

Let us know if you wish to discuss further.

Best,
Phyllis

**Phyllis A. Jones | COVINGTON & BURLING LLP**
1201 Pennsylvania Avenue, NW  Washington, D.C. 20004

Tel: (202) 662-5868  |  Fax: (202) 778-5868
pajones@cov.com  |  www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Wisner, R. Brent [mailto:rbwisner@baumhedlundlaw.com]
**Sent:** Wednesday, December 18, 2013 8:36 PM
**To:** Jones, Phyllis
**Cc:** Lynch, Mark; Baum, Michael; Mike Woerner; Alison Gaffney; Gretchen Freeman Cappio
**Subject:** Final offer for outstanding discovery

Phyllis,

I appreciate talking with you earlier today in yet another meet and confer on this issue.

We have been discussing what compromise we would be willing to entertain to resolve the outstanding (and now delinquent) discovery requests.  Having thoroughly considered the scope of the Court's Order and the comments made during the hearing on Nov. 1, 2013, Plaintiffs do not agree that the Court would only allow Lilly the opportunity to conduct discovery (i.e., deposition of Dr. Hay) and completely limit the Plaintiffs from being able to ascertain basic information about Lilly's widespread use of conjoint analysis.  Indeed, even in the five documents you produced, it is abundantly clear that Lilly's use of conjoint analysis needs further investigation to properly weigh any arguments Lilly may levy against Dr. Hay's expert opinion on the matter.  Considering the importance of these issues to class certification, getting to the truth, i.e., the documents, is essential.  This is particularly true when the first question posed to Lilly's Counsel at the previous hearing was whether Lilly has hoisted itself on its own petard.  If, indeed, Lilly's use of conjoint analysis does not differ much from Plaintiffs' proposed use, it is difficult to raise a plausible objection to it.  A stipulation that Lilly uses conjoint analysis or that conjoint analysis is an accepted technique for determining consumer preference does not resolve the issue.

In light of our conversation this morning and the delay we have already experienced, Plaintiffs are not in a position to wait.  We need to know, as soon as possible, if we will need to go to the Court to resolve this matter.  To that end, this is Plaintiffs' final offer.  If you cannot meet all of these requests, then we will be forced to go to the Court.

**(1)  Produce those documents identified in Plaintiffs' Requests for Production Nos. 1, 2, 3 (limited to SSRIs and SRNIs), 5, and 6 by January 3, 2014.  These are listed below:**

REQUEST FOR PRODUCTION NO. 1:  Please produce all studies or analyses performed or funded by LILLY to assess or analyze patient preference, patient willingness-to-pay (WTP), and/or market-willingness-to-pay (MWTP) as it relates to prescription medications, including but not limited to the study by Michael Aristides, et al, ("Humalog study") attached hereto as Exhibit A.

REQUEST FOR PRODUCTION NO. 2:  Please produce all conjoint studies, surveys, or analyses, such as the analysis described in the Humalog study attached as Exhibit A or the Cymbalta study described in the Harvard Business School case study attached as Exhibit B, performed or funded in whole or in part by LILLY.

REQUEST FOR PRODUCTION NO. 3:  Please produce all DOCUMENTS relating to any survey conducted to determine whether the information contained on a drug LABEL with respect to discontinuation emergent adverse effects (hereinafter, DEAEs) influences purchasing and/or prescribing decisions, and/or overall sales. (limited to SSRIs and SRNIs).

REQUEST FOR PRODUCTION NO. 5: To the extent not produced in response to Requests for Production 1 through 4, please produce all DOCUMENTS pertaining to any conjoint study referenced at pp. 12, 24, and/or 25 of the Harvard Business School case study, "Eli Lilly: Developing Cymbalta," attached hereto as Exhibit B, including but not limited to the "Company documents" referenced at p. 25 of Exhibit B.

REQUEST FOR PRODUCTION NO. 6:  Please produce the PowerPoint presentation entitled "No Pain, No Gain" referenced at pp. 1 and 15 of Exhibit B.

**(2)  Fully respond to Plaintiff's Interrogatory No. 1, excluding sections of subpart i and all of subparts ii, iii, and iv, by January 3, 2014.  Interrogatory No. 1 states:**

INTERROGATORY NO. 1: List every conjoint survey or analysis (such as the analysis described in the Humalog study attached as Exhibit A or the Cymbalta study described in the Harvard Business School case study attached as Exhibit B) performed or funded by LILLY relating to a prescription medication for the last twenty years, indicating for each:
i. A brief description of each survey or analysis~~, specifying the purpose of the survey or analysis, the drug at issue, the population surveyed, and the results~~;
~~ii. The dates the survey or analysis was performed;~~
~~iii. The names, job titles, and responsibilities of all individuals involved in performing each survey or analysis;~~
~~iv. The cost of the survey or analysis; and~~
v. The citation to its publication (if applicable).

**(3)  Be willing to produce any witness, declarant, and/or expert put forward in support of Lilly's supplemental brief described in the Court's Nov. 5 Order within one week of Lilly's filing.**

This is Plaintiffs' final offer.  We have already met and conferred on the matter—the phone call we had after we served our requests, the email exchanges thereafter, the in-person meeting with Mr.. Lynch after Dr. Hay's deposition in which Dr. Hay requested information pertaining to Lilly's use of conjoint analysis, our phone call today, and this email—and absent Lilly's willingness to cooperate with Plaintiff on these very narrow and specific requests, Plaintiffs will proceed to file an appropriate motion as was specifically invited by the Court during the Nov. 1 hearing.  Due the exigency of this situation, Plaintiff must know

whether Lilly will comply with this final offer of compromise by the close of business tomorrow, Thursday, December 19, 2013.

I look forward to hearing from you,

R. Brent Wisner, Esq.
Attorney at Law
BAUM, HEDLUND, ARISTEI & GOLDMAN
A Law Corporation, P.C.
12100 Wilshire Blvd, Suite 950
Los Angeles, CA 90025
Direct: 310-820-6294
Office: 310-207-3233
Fax: 310-820-7444
RBWisner@BaumHedlundLaw.com
www.BaumHedlundLaw.com

**********************************
CONFIDENTIALITY NOTICE -- This electronic mail message may contain confidential information belonging to the sender which is protected by the attorney-client and/or work product privilege. The information is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please purge the received information from your system and immediately notify the sender by telephone and by return e-mail. Thank you.

IRS DISCLAIMER: Communications from our firm may contain or incorporate federal tax advice.  Under recently promulgated US Internal Revenue Service standards (Circular 230), we are required to inform you that only formal, written tax opinions meeting the requirements of Circular 230 may be relied upon by taxpayers for the purpose of avoiding tax-related penalties.  Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code.