UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-9366-SVW-MAN | Date | January 22, 2014 |
|---|---|---|---|
| Title | Jennifer L. Saavedra, et al. v. Eli Lilly and Co. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER re Plaintiff's Motion to Compel [111]

Having read and considered the parties' arguments over the discovery needed to complete the briefing on the issues identified in the Court's order of November 5, 2013, the Court finds plaintiffs' motion to compel suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing previously set for January 23, 2014, is VACATED.

The purpose of the supplemental briefing is to assess the viability of plaintiffs' proposal to employ conjoint analysis to quantify on a class-wide basis the economic injury caused by the allegedly misleading labels. (For purposes of this briefing, the parties are to assume that the Cymbalta labels were misleading in relation to withdrawal risks, as plaintiff alleges.) Even if conjoint analysis has never before been employed for this precise purpose, it does not necessarily follow that its use for that purpose is not "the *product* of reliable principles and methods." Fed. R. Civ. P. 702(c) (emphasis added); *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999) ("It might not be surprising in a particular case . . . that a claim made by a scientific witness has never been the subject of peer review, for the particular application at issue may never previously have interested any scientist.") It is therefore unnecessary to undertake a survey of every use of conjoint analysis by Lilly relating to prescription medications over the last twenty years. (*Cf.* Plaintiff's Interrogatory No. 1.)

The Court concludes that the information offered by Lilly in the e-mail of December 19, 2013, to plaintiffs' counsel (Dkt 118-2 Ex. I) is likely to be sufficient for the purposes of the supplemental briefing. In addition, however, Lilly shall also produce to plaintiffs the final results of any conjoint analyses performed or funded by Lilly relating to assessing the extent to which information concerning withdrawal risks of Prozac influences the value that consumers or prescribers place on Prozac (or, if an analysis did not produce "final results," the latest results obtained before cessation or suspension of the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-9366-SVW-MAN | Date | January 22, 2014 |
|---|---|---|---|
| Title | Jennifer L. Saavedra, et al. v. Eli Lilly and Co. | | |

analysis).

It may become necessary to revisit these discovery issues if Lilly argues simply that it is not a recognized practice in the pharmaceutical industry to use conjoint analysis as plaintiff proposes, instead of providing an *explanation*, based on the principles and methods underlying the industry's use of conjoint analysis, of why the method is not a reliable way to link the presence or absence of information in the pharmaceutical market to the value or price that a particular medication has in that market.

No later than January 31, 2014, the parties shall propose a schedule (jointly, if possible) for the production of the discovery authorized herein, and a schedule to expeditiously complete the briefing contemplated in the Court's order of November 5, 2013. Any schedule that proposes to complete the briefing later than March 24, 2014, must be supported by a showing of good cause.

:

Initials of Preparer     PMC