UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:12-cv-09366-SVW-MAN | Date | October 26, 2015 |
| Title | Jennifer L Saavedra v. Eli Lilly and Company | | |

## JS-6

**Present: The Honorable** STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS [199]

### Introduction

On September 30, 2015, plaintiffs Dr. Melissa Strafford, Carol Jacquez, and David Matthews, Jr. ("Plaintiffs")[1] filed a motion to dismiss their individual consumer claims pursuant to Federal Rule of Civil Procedure 41(a)(2). Dkt. 199. Plaintiffs request that the Court grant their motion to dismiss with prejudice so that it is an appealable final decision that can be reviewed by the Ninth Circuit. *See id.* at 3.

Defendant Eli Lilly and Company ("Defendant") opposes Plaintiffs' motion to dismiss on the grounds that a dismissal with prejudice would cause it "legal prejudice." Dkt. 200. Defendant argues that dismissal with prejudice would be inappropriate because Defendant has yet to take discovery of the Plaintiffs or their physicians and allowing an appeal before this discovery would limit Defendant's arguments for alternative grounds for affirmance. *Id.* at 1-2. Thus, dismissal with prejudice risks the possibility of wasteful multiple appeals. *Id.* at 3.

For the reasons stated below, the Court grants Plaintiffs' motion to dismiss with prejudice.

### Discussion

---

[1] Prior plaintiffs Cheryl Wilson and Jennifer Saavedra were terminated on January 10, 2013 and August 6, 2015, respectively.

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:12-cv-09366-SVW-MAN | Date | October 26, 2015 |
| Title | Jennifer L Saavedra v. Eli Lilly and Company | | |

*Legal Standard*

Under Rule 41(a)(2), a district court may dismiss an action at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Thus, the district court has the discretion to dismiss claims with or without prejudice. *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 n.6 (9th Cir. 2011). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Plain legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). This analysis focuses on the "rights and defenses available to a defendant in future litigation." *Id.* "Uncertainty because a dispute remains unresolved is not legal prejudice." *Id.*

*Application*

Defendant argues that dismissing the action pursuant to Rule 41(a)(2) would cause it "plain legal prejudice" because dismissal would deprive Defendant of discovery and defenses. With the benefit of further discovery, Defendant argues that it could render the issue of class certification moot by demonstrating that no class claim would be viable. Dkt. 200, 6-7. Additional discovery could also allow defendant to develop arguments against typicality and adequacy. *Id.* at 7. According to Defendant, if it is deprived of this additional discovery, it would not be able to defend itself adequately in the subsequent appeal to the Ninth Circuit. *Id.* at 8. In particular, Defendant argues that if it cannot take further discovery, it "will be prejudiced because it will not be able to develop all of its potential defenses, nor will it have the opportunity to present those defenses to the Ninth Circuit." *Id.* at 9.

Defendant also contends that the Court should deny the motion to dismiss because it would result in waste and inefficiency. *Id.* "If Plaintiffs are permitted to appeal this case on the current record, the Ninth Circuit could ultimately be required to hear the case on three separate occasions: once to address this Court's class certification orders, a second time to address the typicality and adequacy arguments that Lilly has not yet had the opportunity to develop through discovery, and a third time to review a judgment on the merits." *Id.* at 9-10.

Ultimately, these arguments contradict one another. It is of no moment that Defendant is

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:12-cv-09366-SVW-MAN | Date | October 26, 2015 |
| Title | Jennifer L Saavedra v. Eli Lilly and Company | | |

uncertain whether it has additional viable defenses that it might find with further discovery. Significantly, Defendant does not argue that dismissal with prejudice would foreclose any legal arguments, merely that they some arguments would be unavailable in the first instance of appellate review. If the Ninth Circuit finds for the Plaintiffs in an initial appeal, Defendant provides no authority that would preclude them from taking the same discovery and making the same arguments that they seek to achieve through their opposition to the present motion, in this Court or a subsequent appeal.

The present case does not present the legal complications that might make a dismissal inappropriate. Several cases cited by Defendant involve requests for dismissal where the defendants would lose the ability to conduct discovery against the plaintiff if the court granted the motion. In *Hyde & Drath v. Baker*, the party requesting dismissal was just one of many plaintiffs "inextricably entangled in the complex fraud claims," without whom the defendants could defend themselves adequately. 24 F.3d 1162, 1169 (9th Cir. 1994). In *Universal Surface Tech., Inc. v. Sae-A Trading Co.*, the defendant had been added to a state court action and would not be able to bring a motion for summary judgment or conduct meaningful discovery in that action. No. CV 10-6972 CAS PJWX, 2011 WL 5903619, at *2 (C.D. Cal. Nov. 23, 2011). Other cases cited by Defendant turned on the loss of defenses or favorable rulings if the court granted dismissal. In *Hyde v. Hoffmann-La Roche, Inc.*, the Fifth Circuit found that dismissal was inappropriate where the defendant demonstrated that it would "potentially strip" the defendant of a defense in another action. 511 F.3d 506, 513 (5th Cir. 2007). And in *Hamm v. Rhone-Poulenc Rorer Pharm. Inc.*, the district court found that the plaintiff had provided no legitimate justification for dismissal and it was a "fair inference" that they were seeking dismissal so that they could re-file in a circuit with more favorable precedents. 176 F.R.D. 566, 571 (D. Minn. 1997). Thus, Defendant has not been able to provide case law that supports their contention that they are entitled to full discovery before a dismissal of all the remaining plaintiffs.

This conclusion is strengthened by the fact that Plaintiffs seek dismissal with prejudice. Though Defendant is correct that Rule 42(a)(2) may not be used as a pretext for avoiding discovery, *see In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996), it can be used to expedite an appeal. That is, "a plaintiff that deems an interlocutory ruling to be so prejudicial as to deserve immediate review . . . has the alternative of dismissing the complaint voluntarily [with prejudice]." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1085 (9th Cir. 2010) (quoting *John's Insulation, Inc. v. L. Addison & Associates, Inc.*, 156 F.3d 101, 107 (1st Cir. 1998)). Given the high risk to the plaintiff of a dismissal with prejudice, there is limited risk of abuse. *Id.* And given the complete relief afforded to the defendant, it would take unusual circumstances to cause them legal prejudice. *See Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985)

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-09366-SVW-MAN | Date | October 26, 2015 |
|---|---|---|---|
| Title | *Jennifer L Saavedra v. Eli Lilly and Company* | | |

("Consequently, no matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed."); *see also* 8 James W. Moore, Moore's Federal Practice ¶ 41.40[3] (noting that some courts hold that the court lacks discretion to deny a plaintiff's request to dismissal with prejudice because the defendant receives all the relief that could have been obtained from a full trial).  Because Defendant has not established circumstances that would cause a dismissal with prejudice to result in legal prejudice, the Court determines that Plaintiffs' motion should be granted.

**Conclusion**

For the aforementioned reasons, Plaintiffs' Rule 41(a)(2) motion to dismiss with prejudice is GRANTED.  The hearing scheduled for November 2, 2015 is VACATED and OFF-CALENDAR.

SO ORDERED.

:

Initials of Preparer    PMC